UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JASON E. THURBER, et al., <br><br> Defendants. | * <br> * <br> * <br> * <br> * Civil Action No. 1:22-cv-10075-IT <br> * <br> * <br> * <br> * |

MEMORANDUM & ORDER

June 17, 2022

TALWANI, D.J.

Plaintiffs Liberty Mutual Insurance Company ("Liberty"), Stratford Insurance Company ("Stratford'), and Mass Fishing Corp. ("Mass Fishing") bring a suit against Defendants Jason E. Thurber and Jay's Diesel alleging that Defendants provided faulty repairs in 2018 to a vessel, resulting in engine failure in 2020, and failed to respond to Plaintiffs' requests for assistance. Plaintiffs bring four claims: negligence (Count I); breach of contract (Count II); breach of warranty of workmanlike performance (Count III); and unfair and deceptive trade practices in violation of Mass. Gen. Laws ch. 93A ("ch. 93A") (Count IV). Am. Compl. [Doc. No. 12].

Pending before the court is Defendants' motion to dismiss Count IV, the ch. 93A claim. For the following reasons, Defendants' Motion to Dismiss Count IV of Plaintiffs' Complaint [Doc. No. 15] is GRANTED.

**I.     Factual Background**

Mass Fishing was at all material times the owner of the F/V MISS LESLIE. Am. Compl. ¶ 3 [Doc. No. 12]. Liberty and Stratford are subrogees of Mass Fishing. Id. at ¶¶ 1-2. From November 2015 until February 2016, Defendants repaired the F/V MISS LESLIE, including

overhaul and service of the vessel's main Caterpillar engine. Id. at ¶ 8. The overhaul, in part, consisted of removal of the crankshaft for polishing, rebuilding of the fuel injection pump and the governor, all new cylinder packs, new rod bearings, main bearings, oil pump, oil cooler, camshaft and idler gear assembly. Id. In February 2016, the Defendants reassembled the engine, then ran, checked and sea trialed the vessel. Id. at ¶ 9.

In late July 2016, Defendants responded to Mass Fishing's report that F/V MISS LESLIE was experiencing overheating problems with engine. Id. at ¶ 10. Defendants disassembled the engine, removed the vessel's cylinder heads and front gear housing, replaced the camshaft gear, the idler gear, the fuel pump gear, the water pump, and the front gear housing. Id. The Defendants then reassembled the rest of the engine. Id. On March 4, 2018, Defendants returned to F/V MISS LESLIE for repairs and fuel injections and to make routine valve adjustments. Id. at ¶ 11. As alleged in the complaint, Defendants failed to properly repair the F/V MISS LESLIE's engine. Id. at ¶ 12.

On or about January 8, 2021, F/V MISS LESLIE experienced engine failure while on fishing grounds located southeast of Nantucket and required to be towed into port. Id. at ¶¶ 13-14. As a result of the engine failure, the vessel and its crew lost four open area days at sea and approximately $82,792.13 in gross stock. Id. at ¶ 15. Upon F/V MISS LESLIE's return to port, Mass Fishing President Paul Weckesser called Defendant Thurber to provide notice to Defendants of the engine failure and to request that the engine be inspected. Id. at ¶ 16. Unlike the previous instances in July 2016 and March 2018, Defendants did not respond. Id.

F/V MISS LESLIE was transported to Yankee Marine Diesel in New Bedford, MA, at which point the Yankee Marine Diesel mechanics opened the front cover of the main engine and discovered that the idler gear assembly was adrift and that teeth had fractured from the gears,

causing the engine to jump timing, resulting in engine failure. Id. at ¶18. Weckesser again called Thurber to discuss F/V MISS LESLIE's engine inspection and repair. Id. at ¶ 19. On January 28, 2021, Mass Fishing sent Defendants a letter to inform them of the current situation and of F/V MISS LESLIE's location. Id. at ¶ 20.

On or about February 14, 2021, having not received a response from Defendants, Plaintiffs arranged for the vessel's repair with another service provider. Id. at ¶ 21. In February and March 2021, Yankee Marine Diesel and Mass Contracting repaired F/V MISS LESLIE's engine, at which point the vessel returned fishing. Id. at 22.

Marine surveyor Michael Collyer from Marine Safety Consultants inspected the main engine block and components and determined that Defendant's faulty repairs caused the failure experienced by F/V MISS LESLIE on January 8, 2021. Id. at ¶ 23. According to Collyer, among other things, Defendants improperly used fuel pump shims when mounting the fuel pump atop the engine block instead of bolting the fuel pump directly to the engine block. Id. at ¶ 24.

On May 17, 2021, and again on July 9, 2021, the Plaintiffs submitted their demand for damages to the Defendants but did not receive a response. Id. at ¶ 28.

## II.     Standard of Review

In evaluating a motion to dismiss for failure to state a claim, the court assumes "the truth of all well-pleaded facts" and draws "all reasonable inferences in the plaintiff's favor." Nisselson v. Lernout, 469 F.3d 143, 150 (1st Cir. 2006). To survive dismissal, a complaint must contain sufficient factual material to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . [f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Id. at 555 (internal citations omitted). "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

### III. Statement of Law

To state a claim under the consumer protection statute, Mass. Gen. Laws ch. 93A, § 9, a plaintiff must allege facts sufficient to establish four elements:

> first, that the defendant has committed an unfair or deceptive act or practice; second, that the unfair or deceptive act or practice occurred 'in the conduct of any trade or commerce;' third, that the plaintiff suffered an injury; and fourth, that the defendant's unfair or deceptive conduct was a cause of the injury.

Rafferty v. Merck & Co., Inc., 479 Mass. 141, 161, 92 N.E.3d 1205 (2018). For a business plaintiff to state a claim under chapter 93A, § 11, it generally must plead the additional fifth element that there was a "commercial relationship" between itself and a defendant. Id. at 162 n.7.

In determining whether an act is "unfair" within the meaning of the statute, courts consider "(1) whether the practice . . . is within at least the penumbra of some common-law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; [and] (3) whether it causes substantial injury to consumers. . . ." Massachusetts Eye & Ear Infirmary v. QLT Phototherapeutics, Inc., 412 F.3d 215, 243 (1st Cir. 2005) (quoting PMP Assocs., Inc. v. Globe Newspaper Co., 366 Mass. 593, 596, 321 N.E.2d 915 (1975)). An act is "deceptive" for these purposes "if it could reasonably be found to have caused a person to act differently from the way he otherwise would have acted." Lowell Gas Co. v. Att'y Gen., 377 Mass. 37, 51, 385 N.E.2d 240 (1979).

### IV. Discussion

Plaintiffs base their ch. 93A claim on (i) Defendants' lack of response to Plaintiffs' January 2022 request for assistance with F/V MISS LESLIE's engine failure and (ii) Defendants'

4

allegedly negligent misrepresentation that they repaired F/V MISS LESLIE's main engine to the skill and care necessary to meet industry standards.

      A.    *Lack of Response to Plaintiffs' Request*

As for the first ground, Plaintiffs allege that Defendants' lack of response violated ch. 93A where Mass Fishing believed that Defendants would respond because they had done so twice before and because a response would be in accordance with local marine industry standards for skilled repairers. Am. Compl. ¶¶ 53-54 [Doc. No. 12]; Opp'n 2 [Doc. No. 18]. Plaintiffs, however, do not allege any practice by Defendants other than Defendants' willingness to repair F/V MISS LESLIE's engine in 2016 and 2018—several years prior to the incident at issue. See Am. Compl. ¶ 17 [Doc. No. 12]. Further, Plaintiffs' allegation that Defendants' non-response to the request violates "local industry standards for commercial marine repairers" without more is conclusory.

As such, Plaintiffs' ch. 93A claim fails to state a claim to the extent that it is based on Defendants' non-response to the Plaintiffs' request for assistance with the engine failure.

      B.    *Negligent Misrepresentation*

As for the second ground, Plaintiffs allege that Defendants misrepresented that the engine repair was performed to the skill and care expected of a marine mechanic and service provider at their level of experience. Id. at ¶ 55. According to Marine Safety Consultants' inspection of F/V MISS LESLIE, Defendants' repairs were defective where they improperly used the fuel pump shims when mounting the fuel pump atop the engine as opposed to bolting it directly to the engine. Id. at ¶¶ 23-24.

"[A] negligent misrepresentation may be so extreme or egregious as to constitute a violation of G.L. c. 93A, § 11." Marram v. Kobrick Offshore Fund, Ltd., 442 Mass. 43, 62, 809

N.E.2d 1017, 1032 (2004). "Although whether a particular set of acts, in their factual setting, is unfair or deceptive is a question of fact, the boundaries of what may qualify for consideration as a 93A violation is a question of law." Anoush Cab, Inc. v. Uber Techs., Inc., 8 F.4th 1, 15 (1st Cir. 2021) (quoting Incase Inc. v. Timex Corp.,488 F.3d 46, 57 (1st Cir. 2007)).

Taking all facts alleged in the Amended Complaint [Doc. No. 12] in the light most favorable to Plaintiffs, Plaintiffs have not sufficiently alleged that Defendants knew or should have known that the repairs to F/V MISS LESLIE's main engine fell below the skill and care of industry standards. Accordingly, the ch. 93A claim fails to state a claim to the extent it is based on Defendants' alleged negligent misrepresentation of the engine repairs.[1]

## V.     Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss Count IV of Plaintiff's Amended Complaint [Doc. No. 12] is GRANTED.

IT IS SO ORDERED.

Dated: June 17, 2022                                        /s/ Indira Talwani
                                                            United States District Judge

---

[1] To the extent that Plaintiffs rely only on any implied representations that Defendants would complete the work with reasonable care or Defendants' alleged breach of contract or warranty, the ch. 93A claim fails as a matter of law. See Cummings v. HPG Int'l, Inc., 244 F.3d 16, 25 (1st Cir. 2001) ("There can be no claim of unfairness based on a misrepresentation where . . . [plaintiff] has failed to show [defendant] made any deceitful or even negligently false statements"); Ahern v. Scholz, 85 F.3d 774, 798 (1st Cir. 1996) ("The simple fact that a party knowingly breached a contract does not raise the breach to the level of a Chapter 93A violation"); Utica Nat. Ins. Grp. v. BMW of N. Am., LLC, 45 F. Supp. 3d 157, 161 (D. Mass. 2014) ("In sum, then, [the plaintiff] must invoke something more than a mere breach of warranty to plead a plausible Chapter 93A, § 11 claim").